## LYNDE vs. LYNDE.

Where a bill is filed by the husband against his wife for a divorce, on the ground of adultery, and the adultery is denied on oath, the court has the power to direct the husband to pay her a specified sum for her travelling expenses, and board, if it is shown that her health is such as to render it apparently necessary, for the preservation of her life, that she should spend the winter in a milder climate.

THE bill in this case was filed by the husband, against his wife, for a divorce, upon a charge of adultery. The defendant denied the charge, upon oath, and an issue was awarded to try the question; and an allowance was made to the wife for the expenses of the suit and for *ad interim* alimony. The complainant having neglected to bring on the issue to be tried, the defendant, upon the affidavits of her attending physicians, showing that her health was such that the safety of her life required that she should spend the winter months either in the West Indies or in the southern states, and upon hearing counsel for the complainant, the vice chancellor ordered a gross sum of $400, to be paid to her immediately, for the expenses of her journey and board for four months; and that her former allowance for *ad interim* alimony should in the mean time be suspended. The income of the husband was about $2000 a year. The complainant appealed from that order, and

*A. Taber*, for the appellant, insisted that the court was not authorized to make an allowance to the wife for that purpose.

*E. Sandford*, for the respondent, urged that the allowance was proper; and that the sum allowed was no more than the

Gerard *v.* Gerard.

necessary expenses for board and passage money would be, without allowing any thing for clothing in the meantime.

The CHANCELLOR affirmed the order with costs.